PER CURIAM.
A careful examination of the record in this case has convinced us that the court below was clearly right in refusing to supersede the Inquisition by which the petitioner was found to he an habitual drunkard, and incapable of governing himself and managing his property. So far as appears, his wife has devoted herself to him and to his interest, and the evidence shows that he has continued in his habits of intoxication down to a short period prior to the time at which he made this application. The fact he has been grossly in *872 temperate in the past, having several times had delirium tremens, is established by most satisfactory evidence; and to justify the court in superseding the inquisition, and in-restoring him to the possession of his property, it must appear that his habits have changed so that the danger of his resuming his old habits and squandering his property is removed. This the petitioner has failed to show. On the contrary, we are satisfied, upon the evidence, that, if he was again placed in the possession of his property, he would be most likely to continue in his old habits. It is hardly conceivable that his sister and all of his other relatives should so strenuously oppose the restoration of his property, if he was competent to manage it. We think that the welfare of the petitioner, as well as that of his wife and child, requires that he should he kept from temptation until a sufficient time has elapsed since he has yielded to his craving for spirits to show that he can properly care for himself. The mere fact that people who have known him have seen him when he was not intoxicated is not sufficient to overcome the very convincing evidence that he is not now in a position that would justify the court in placing his property in his hands. The order appealed from should therefore be affirmed, with $10 costs and disbursements.